DISTRICT OF OREGON, ss: AFFIDAVIT OF JONATHAN RAHAEUSER

**Affidavit in Support of a Criminal Complaint and Arrest Warrant**

I, Jonathan Rahaeuser, being duly sworn, do hereby depose and state as follows:

**Introduction and Agent Background**

1. I have been employed by the FBI as a Special Agent since June 6, 2021. I am currently assigned to the FBI's Portland Field Office, Pendleton Resident Agency, as part of the Blue Mountain Enforcement Narcotics Team (hereafter "BENT") Task Force, an eastern Oregon, multi-agency group that focusses on criminal enterprises involved in narcotics trafficking. I previously worked in the FBI's Cleveland Field Office and was assigned to the Cartel, Gang, Narcotics and Laundering ("CGNL") Task Force. I have participated in numerous investigations of illegal activities of Drug Trafficking Organizations (hereinafter, "DTO") and have prepared and participated in the execution of numerous physical and electronic search warrants in furtherance of narcotics investigations. I have received basic drug investigation training at the FBI Academy in Quantico, Virginia (VA). I have received field training in drug-related investigative techniques, which include, but are not limited to, surveillance, interview and interrogation techniques, informant recruitment and control, and search warrant and case preparation training. I submit this affidavit in support of a criminal complaint and arrest warrant for Jeremy Carroll, for possession with intent to distribute a controlled substance in violation of Title 21 U.S.C. § 841(a)(1), and for felon in possession of firearms in violation of Title 18 USC § 922 (g)(1) (the "Target Offenses"). As set forth below, there is probable cause to believe, and I do believe, that Jeremy Carroll committed the Target Offenses.

/ / /

/ / /

## Applicable Law

2. Title 21 U.S.C. § 841(a)(1) makes it a crime to distribute or possess with the intent to distribute a controlled substance.

3. Title 18 USC § 922 (g)(1) provides that it is unlawful for any person convicted of a crime punishable by imprisonment for a term exceeding one year to ship, transport, possess, or receive any firearm or ammunition.

## Statement of Probable Cause

4. The following information, facts, and occurrences are the result of my knowledge, conversations with other law enforcement officers, and from my review of reports related to this investigation. This affidavit is intended to show there is probable cause for the requested criminal complaint and arrest warrant and does not purport to set forth all of my knowledge of, or investigation into this matter.

6. BENT is investigating Jeremy Carroll ("Carroll") for violation of the Target Offenses. As part of that investigation, on October 14, 2026, BENT executed a federal search warrant at Carroll's residence, 80542 Paterson Ferry Road, Space letter C, Irrigon, Oregon. The federal search warrant was signed on October 13, 2026, by United States Magistrate Judge the Hon. Jolie A. Russo (3:26-mc-01017).

7. During the execution of the search warrant, BENT investigators searched a white Nissan Altima parked in a parking space assigned to Carroll's residence, 80542 Paterson Ferry Road, Space letter C, Irrigon, Oregon. Investigators had observed Carroll operating the white Altima earlier in the morning prior to search warrant execution, specifically moving the vehicle from another spot to the space assigned to Carroll's residence on the curtilage of his property. Additionally, prior to the search warrant execution, investigators observed Carroll moving what

appeared to be rifles and duffle bags from his trailer and from another vehicle into the trunk of the white Altima. Approximately two hours elapsed between the time when Carroll was first observed moving items into the white Altima and the time when investigators executed the search warrant at Carroll's residence. Investigators maintained surveillance on the white Altima for the entire duration. No other individuals moved or accessed the white Altima between the time when Carroll finished moving items into the vehicle and the time when investigators executed the search warrant.

8. Pursuant to the search warrant, investigators searched the white Altima and found what investigators believe to be approximately four pounds of crystal methamphetamine.[1] The crystal methamphetamine was stored in two one-gallon Ziplog-style bags, each believed to weigh approximately two pounds. Investigators know from training and experience that this amount of illegal narcotics is a supplier quantity. Investigators utilized a TruNarc field test to identify the drugs. The drugs yielded a presumptive positive result for methamphetamine.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

[1] At the time of the search warrant execution, investigators did not possess a scale with the capacity to weigh the bags. Investigators observed the bags appeared to be gallon sized and based on their training and experience that the total amount the bags would be over 400 grams.




*Photographs of the seized bags with suspected methamphetamine*

9. Pursuant to the search warrant, investigators searched the white Altima and found multiple firearms, including a Savage Arms .270 Win rifle bearing serial number K180327, a Smith & Wesson pistol bearing no serial number, a Panther Arms .308 caliber semi-automatic rifle, a Panzer Arms 12 gauge magnum shotgun bearing serial number BP-18-01141 and having an attached drum-style magazine, and a Ruger model 10/22 .22 caliber rifle bearing serial number 254-43117.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /







*Photos of some of the recovered firearms*

10. Pursuant to the search warrant, investigators searched Carroll's trailer and found a large volume of assorted ammunition.

11. Investigators found numerous other items of evidence including additional firearms, a handheld flamethrower, approximately 1.5 pounds of the substance Tannerite, and tools

investigators believe were used to manufacture crystal methamphetamine. Investigators also identified substances and devices thought to be precursors for manufacturing explosives. Investigators requested assistance from FBI and Oregon State Police ("OSP") bomb technicians. The bomb technicians examined the substances and devices and confirmed they were precursors to manufacturing explosive devices, but that no live devices were present.

12. Carroll was convicted in the District of Oregon in Case No. 3:19-CR-00484-1-AB of one count of Felon in Possession of a firearm and one count of Possession with Intent to Distribute Methamphetamine. Carroll was sentenced to 63 months' incarceration concurrent on those counts. Carroll is currently on supervised release by the U.S. Probation Office, District of Oregon, in that case.

13. Based on Carroll's criminal history, I believe him to be a federal felon who is prohibited from possessing any firearm or ammunition, or from receiving any firearms or ammunition which have been shipped or transported in interstate commerce.

## Conclusion

14. Based on the foregoing, I have probable cause to believe, and I do believe, that Jeremy Carroll possessed a controlled substance with the intent to distribute in violation of Title 21 U.S.C. § 841(a)(1), and is a convicted felon in possession of a firearm in violation of Title 18 USC § 922 (g)(1).

15. Prior to being submitted to the Court, this affidavit, the accompanying complaint and the arrest warrant were all reviewed by Assistant United States Attorney (AUSA) Jessica Keefer, and AUSA Keefer advised me that in her opinion the affidavit and complaint are legally and factually sufficient to establish probable cause to support the issuance of the requested criminal complaint and arrest warrant.

**Request for Sealing**

16. It is respectfully requested that the Court issue an order sealing, until further order of the Court, all papers submitted in support of the requested criminal complaint and arrest warrant. I believe that sealing these documents is necessary because the information to be seized is relevant to an ongoing investigation, and any disclosure of the information at this time may endanger the life or physical safety of an individual, cause flight from prosecution, cause destruction of or tampering with evidence, cause intimidation of potential witnesses, or otherwise seriously jeopardize an investigation. Premature disclosure of the affidavit, the criminal complaint, and the arrest warrant may adversely affect the integrity of the investigation.

*By phone pursuant to Fed. R. Crim. P. 4.1*
Jonathan Rahaeuser
Special Agent, FBI

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at 7:10 a.m./~~p.m.~~ on October ~~14~~ 15, 2026

Jolie A. Russo
HONORABLE JOLIE A. RUSSO
United States Magistrate Judge